UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILEE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SALLY JEWELL,<br><br>　　　　Defendant. | No.  2:16-cv-0637 MCE CKD PS<br><br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Pending before the court is defendant's motion to dismiss.  This matter was submitted on the briefs.  ECF No. 31; E.D. Cal. L.R. 230(g).  Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges retaliation arising out of her employment and subsequent removal from her law enforcement position as a United States Fish and Wildlife Service ("USFWS") criminal investigator.  In the complaint, plaintiff alleges one omnibus cause of action for retaliation, whistleblowing, discrimination on the basis of sex, perceived disability and age.  The allegations in the complaint, however, relate only to plaintiff's claim that defendants engaged in retaliation against plaintiff for her protected EEO activities.

In 2005, plaintiff sustained a back injury, for which she filed a worker's compensation claim.  Plaintiff again injured her back in 2009.  Although plaintiff was released to full duty by her treating physician, plaintiff was placed on activity restrictions by the physician.  Plaintiff was

1

thereafter removed from her position due to physical inability to perform the essential functions of her position, effective June 27, 2012. In support of the removal, the agency relied on a fitness-for-duty report completed on April 11, 2011 by a reviewing physician from the Department of Health and Human Services' Federal Occupational Health Services. Plaintiff's removal was upheld by the Merit Systems Protection Board ("MSPB").

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff has filed an opposition comprising 407 pages, including exhibits. The exhibits submitted by plaintiff have not been considered by the court in ruling on the motion to dismiss as they are not referred to in the complaint and are not subject to judicial notice.[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Plaintiff's claim for retaliation has three elements. Plaintiff must allege that she engaged in protected activity, that she suffered an adverse action, and that there is a causal link between

---

[1] Defendant submits two MSPB decisions as background context for the motion to dismiss and requests that the court take judicial notice of these documents. The MSPB decisions are properly subject to judicial notice and defendant's request will therefore be granted.

[2] The court has considered plaintiff's exhibits insofar as they are relevant to the determination of whether leave to amend should be granted.

1   the protected activity and the adverse action.  See T.B. ex rel Brenneise v. San Diego Unified
2   School Dist., 806 F.3d 451, 473 (9th Cir. 2015) (retaliation standard under Title VII of the Civil
3   Rights Act of 1964); see also Poland v. Chertoff, 494 F.3d 1174, 1180 (9th Cir. 2007) (retaliation
4   claim brought under Age Discrimination in Employment Act); Coons v. U.S. Dep't Treasury, 383
5   F.3d 879 (9th Cir. 2004) (Rehabilitation Act).  Defendant moves to dismiss plaintiff's retaliation
6   claim on the ground that she fails to allege any facts demonstrating causation.  Assuming
7   arguendo that plaintiff has sufficiently pled the first two elements, defendant is correct that
8   plaintiff fails to allege plausible facts supporting an inference of causation.  Plaintiff's claim for
9   retaliation is predicated on her involvement with EEOC proceedings dating back to 1996 which
10  involved her sister and her own employment discrimination claim which plaintiff settled in 2008.
11  The adverse action about which plaintiff complains is the fitness for duty examination conducted
12  in 2011, and her subsequent termination in June 2012 as medically unqualified for her position
13  after plaintiff refused other positions that were offered to her as an accommodation.  The lapse in
14  time between the alleged protected activity and the adverse action is simply too long to give rise
15  to an inference of causation.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th
16  Cir. 2002) (18-month lapse too long to give rise to inference of causation).

17          In opposition, plaintiff now asserts that she filed an EEO claim in January 2012 and
18  contends this was the protected activity giving rise to the alleged retaliation.  However, the fitness
19  for duty examination, upon which plaintiff's termination was based, was conducted in 2011.  An
20  alleged adverse action which predates the alleged protected activity cannot serve as the basis for a
21  retaliation claim.  In addition, plaintiff's conclusory allegation that at least seven managers and
22  supervisors conspired over two decades to retaliate against plaintiff, without more, is implausible
23  on its face.  The motion to dismiss should be granted.

24          Plaintiff's opposition, while prolix, does not suggest that amendment would be anything
25  other than futile.  Plaintiff raises a myriad of other vague, amorphous and conclusory claims in
26  her opposition relating to alleged discriminatory actions based on perceived disability, age and
27  gender.  Plaintiff fails to demonstrate in her opposition how she can allege, within the strictures of
28  Federal Rule of Civil Procedure 11, the elements necessary to establish any of these claims.

1  Because it appears amendment would be futile, the motion to dismiss should be granted with
2  prejudice.
3       Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice
4  (ECF No. 20) is granted; and
5       IT IS HEREBY RECOMMENDED that:
6       1. Defendant's motion to dismiss (ECF No. 19) be granted without leave to amend; and
7       2. This action be closed.
8       These findings and recommendations are submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
10  after being served with these findings and recommendations, any party may file written
11  objections with the court and serve a copy on all parties.  Such a document should be captioned
12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
13  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
14  Ylst, 951 F.2d 1153 (9th Cir. 1991).
15  Dated:  February 28, 2017

                                    CAROLYN K. DELANEY
                                    UNITED STATES MAGISTRATE JUDGE

19  4 brown0637.57